IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-cv-00010-BO

**Trident Atlanta, LLC,** et al.

        Plaintiffs,

v.

**Charlie Graingers Franchising, LLC**, et al.

        Defendants.

**Order**

Defendant Jason Nista asks the court to compel Plaintiffs Cynergetic, LLC and Dual Energy, LLC to attend Rule 30(b)(6) depositions before June 30, 2019. D.E. 127, D.E. 128. In addition, Defendant Nista asks this Court to sanction Plaintiffs Cynergetic, LLC and Dual Energy, LLC for their failure to attend the previously noticed Rule 30(b)(6) depositions. *Id.* The court denies the Nista's request because it is contrary to the plain language of the Federal Rules.

**I.**     **Background**

On April 12, 2019, Nista served notices of 30(b)(6) depositions on Plaintiffs Cynergetic, LLC and Dual Energy, LLC. Def.'s Mem. in Supp. of Mot. to Compel at 1, D.E. 128. Because none of the noticed dates were convenient for the Plaintiffs, Nista agreed to postpone the depositions. *Id.* at 2. Nista then served Plaintiffs with amended deposition notices on April 29, 2019, with the agreed-upon deposition dates. *Id.* But a few days later, the Plaintiffs objected to the amended deposition notices, and attempted to confer with Nista via teleconference on May 6, 2019. *Id.* The teleconference resolved only some of the Plaintiffs' objections. *Id.*

Two days prior to Cynergetic's deposition, the Plaintiffs filed a Motion for a Protective Order/Motion to Quash Nista's 30(b)(6) notices of deposition along with supporting

memorandum. *Id.* at 3. Plaintiffs' counsel then informed Nista's counsel (both orally and in writing) that the Plaintiffs would not attend their noticed 30(b)(6) depositions. *Id.* In response, Nista filed this Motion to Compel Plaintiffs' Depositions and for Sanctions for Failure to Attend Depositions.

**II.     Discussion**

Under Federal Rule of Civil Procedure 37, courts may order sanctions if "a party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) . . . fails, after being served proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). A party's failure to appear, however, is excused "if the party failing to act has a pending motion for a protective order under Rule 26(c)." *Id.* at 37(d)(2); *Beach Mart, Inc.* v. *L & L Wings, Inc.*, 302 F.R.D. 396, 406 (E.D.N.C. 2014) (quoting *Robinson* v. *Quicken Loans, Inc.*, No. 3:12-cv-00981, 2013 WL 1776100, at *3 (S.D.W. Va. Apr. 25, 2013)) ("The proper procedure to object to a Rule 30(b)(6) deposition notice is . . . to move for a protective order.").

Here, Nista seeks a motion to compel Plaintiffs to attend 30(b)(6) depositions and sanctions under Rule 37 for the Plaintiff's failure to attend the properly-noticed 30(b)(6) depositions. But the Plaintiffs filed a motion for a protective order prior to the dates of the scheduled 30(b)(6) depositions, thereby excusing their failure to attend. While Nista claims that a motion for protective order must be granted for a party to skip a deposition, Mem. in Supp. at 5, the Federal Rules require only that the motion be *pending* for the noticed party's absence to be excused. Fed. R. Civ. P. 37(d)(2) (emphasis added). Because Plaintiffs' motion for a protective order is still pending, Nista's motion to compel and motion for sanctions are improper. Thus, Nista's motion is denied.

### III. Attorney's Fees

Rule 37 requires the court to the reasonable expenses incurred in responding to a denied motion to compel, including attorney's fees, unless "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). Prior to awarding fees, the court must give the moving party "an opportunity to be heard[.]" *Id.* Thus, Nista shall show cause within seven days from the date of entry of this order why the court should not award Plaintiffs the reasonable expenses incurred in responding to the motion, including attorney's fees.

### IV. Conclusion

Due to the Plaintiffs' pending motion for a protective order, this court denies Defendant Nista's motion to compel Plaintiffs' to sit for 30(b)(6) depositions and motion for sanctions for failure to attend the depositions.

Nista shall show cause within seven days from the date of entry of this order why the court should not award Plaintiffs the fees and costs they incurred in responding to this motion.

Dated: July 15, 2019

*Robert T. Numbers II*
Robert T. Numbers, II
United States Magistrate Judge