UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-cv-10-BO

TRIDENT ATLANTA, LLC, DUAL ENERGY, )
LLC, CYNERGETIC AR, LLC, MS. MARCIE )
BINDES d/b/a KS ENTERPRISES, LLC, MR. )
DALE ATKINSON & MRS. ROSE ATKINSON )
d/b/a ROSEDALE THREE, LLC, and MR. )
TRENT MOORE d/b/a LINDSTAN, INC., )
                                                                                           )

     Plaintiffs, )
                                                                                           )
v.                                                                            )      O R D E R

CHARLIE GRAINGERS FRANCHISING, LLC, )
CHARLIE GRAINGERS FRANCHISING, INC., )
LOUIS CRAIG NORTH, GREGORY BRUCE )
GEORGE, and JASON MATTHEW NISTA, )
                                                                            )
     Defendants. )

This case is before the Court on numerous discovery and case management motions. This order dispenses with all pending motions and sets a discovery deadline of April 3. Dispositive motions are due by May 15.

## BACKGROUND

The plaintiffs in this consolidated action are three limited liability companies and four individuals that entered into franchise agreements with the restaurant franchise Charlie Graingers. The defendants are the Charlie Graingers corporate entities and three former corporate officers—Jason Nista, Gregory George, and Louis North. Initially, the corporate plaintiffs—known as Area Representatives (hereinafter "AR Plaintiffs") because of their regional franchise agreements—and the individual franchise plaintiffs (hereinafter "IF Plaintiffs") brought separate lawsuits. The Court consolidated the actions in August 2018 and plaintiffs filed an amended complaint.

Plaintiffs allege they were fraudulently induced into entering into franchising agreements with Charlie Graingers. They claim that the franchise disclosure documents ("FDD") were riddled with misrepresentations about all aspects of the franchise, that defendants completely failed to provide any of the promised franchise support, and that they lost all the investments they made in the business.

In February 2019, the Court denied defendants' motions to dismiss with respect to plaintiffs' claims for fraud, intentional misrepresentation, and concealment; negligent misrepresentation; breach of fiduciary duty; and violation of North Carolina's UDTPA. The Court dismissed plaintiffs' civil RICO claims. In April, the Court granted motions to compel arbitration filed by Nista and George with respect to the four IF Plaintiffs. The order also compelled the IF Plaintiffs to arbitrate their claims with North.

Since then, the case has been plagued by conflict between the parties and an inability to resolve issues of discovery and case management. Discovery was scheduled to conclude at the end of August 2019, but the deadline has been repeatedly extended. The parties have filed numerous motions and the case currently stands as follows.

The AR Plaintiffs have filed: (1) three motions to compel proper discovery responses [DE 160, 164, 173]; (2) two motions for protective orders [DE 174, 192]; (3) a motion for partial summary judgment [DE 146]; (4) a motion for the Court to vacate its previous order compelling arbitration [DE 178]; (5) a motion to extend the discovery period [DE 170]; and (6) a motion for a status conference [DE 188].

All three defendants moved for extensions to respond to the summary judgment motion. [DE 151, 153, 155]. Nista appealed a Magistrate Judge's discovery order [DE 143] and moved to compel proper discovery responses from the AR Plaintiffs [DE 165]. George moved to amend the

scheduling order [DE 162]. Finally, defendant North, who has been *pro se* since March 2019, filed a motion seeking pro bono representation [DE 150].

The Court held a status conference on January 24, 2020.

## DISCUSSION

### Motion for Summary Judgment

The AR Plaintiffs filed a motion for summary judgment as to the liability of defendants North, George, and Nista on August 8, 2019, a little over a week after the Court granted the parties' joint motion to extend the discovery period by 90 days. [DE 146]. All three defendants responded promptly, stating that they needed more time to complete discovery and rejecting plaintiffs' characterization of the facts.

A district court must not grant summary judgment where the nonmoving party has not had the opportunity to discovery information essential to its case. *Nader v. Blair*, 549 F.3d 953, 961 (4th Cir. 2008). Plaintiffs' motion was premature and summary judgment is inappropriate at this point. The motion [DE 146] is denied without prejudice. The AR Plaintiffs may refile by the deadline for dispositive motions set by this order. Defendants' motions for extension of time [DE 151, 153, 155] to respond are consequently denied as moot.

### Motions to Compel Discovery

*Plaintiffs' Motions to Compel Discovery*

The AR Plaintiffs served their requests for production of documents ("RFP") on North, Nista, and George in April 2019. The AR Plaintiffs were not satisfied with the format and organization of defendants' responses, and on July 22, emailed all the defendants and raised objections to the production. Most relevant here is the AR Plaintiffs' contention—which forms the basis of their motions to compel—that defendants' responses do not comply with Federal Rule of

3

Civil Procedure 34(b)'s "usual course of business" standard. Upon receiving the July 22 email, each of the defendants reproduced the documents. North appears to have consulted a computer expert to ensure the files were presented exactly as they were in the usual course of business. Nista made an exact copy of his Google Drive/File Stream that was maintained by the business. George supplied the documents through Dropbox.

Still unsatisfied with the organization of the production, the AR Plaintiffs filed three motions to compel Nista, George, and North to comply with Rule 34. The first motion is directed at all three defendants while the second and third are directed only at George. The AR Plaintiffs contend that defendants' document production amounts to a dump of thousands of documents with no coherent organization.

Rule 34 requires that a party produce documents "as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request[.]" Fed. R. Civ. P. 34(b)(2)(E). The party choosing to provide documents as kept in the usual course of business—as opposed to labeling them to correspond to the categories in the request—bears the burden of showing that the documents were properly produced. *See, e.g.*, *S.E.C. v. Collins & Aikman Corp.*, 256 F.R.D. 403 (S.D. N.Y. 2009).

The Court has reviewed the submissions of the parties and finds that defendants have met their burden of providing documents as kept in the usual course of business. All three defendants have explained the manner of their document production to the satisfaction of the Court. Moreover, the AR Plaintiffs' argument that the production responses were disorganized document dumps is undermined by their own summary judgment motion. It stands to reason that if defendants' document productions were chaotic messes, the AR Plaintiffs would have been unable to assemble a factual record sufficiently complete to support a summary judgment motion.

Accordingly, the AR Plaintiffs' motions to compel [DE 160, 164, 173] are denied.

*Nista's motion to compel*

Nista moves to compel discovery responses to interrogatories and requests for production of documents from the AR Plaintiffs. [DE 165]. Nista argues that the AR Plaintiffs' objections to written discovery are not stated with any specificity and that they have not provided a privilege log. Nista asks the Court to compel responses to interrogatories 4, 5, 7–12, 13, and 15 and responses to requests for production 1–11, 13, 14, and 15.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Production requests and interrogatories may relate to matters within the scope of Rule 26(b). *See* Fed. R. Civ. P. 33(a), 34.

Here, the AR Plaintiffs were completely nonresponsive to Nista's interrogatories. All three recycled the same generalized objections without providing any supporting detail as to the basis of the objection.

Interrogatories 4 and 5 are requests for the AR Plaintiffs to identify communications made by Nista and the other defendants. Interrogatory 5 additionally asks plaintiffs to identify which statements they contend were false. Plaintiffs respond to this simple interrogatory with ten boilerplate objections and then refer Nista to the allegations in the complaint. The objections are not stated with any specificity and are therefore meritless.

Interrogatories 7 through 12 ask the AR Plaintiffs to identify and describe any communications between themselves. Plaintiffs object on five different generalized grounds, including a generalized attorney-client privilege claim. The objections are not stated with any specificity or supporting detail and are therefore meritless.

5

Interrogatory 13 asks the AR Plaintiffs to identify communications with defendants on social media. Plaintiffs object to this as being overbroad, unduly burdensome, and vague. The request is neither of those and the objections are meritless.

Interrogatory 15 asks the AR Plaintiffs to identify any attorney who represented them in the formation of the franchise agreements and to identify communications sent or received by the attorney. Plaintiffs object to this on attorney-client privilege grounds and that it is unduly burdensome. Again, plaintiffs' objections fail. The attorney-client privilege protects the attorney-client communications themselves. Here, Nista asks plaintiffs to identify the communications, not disclose their contents.

The Court now turns to Nista's requests for production of documents. RFPs 1, 2, and 3 are blanket requests for the AR Plaintiffs to produce all relevant documents or documents they intend to rely on. The requests are so broad as to render them meaningless and plaintiffs need not respond.

The remaining RFPs are slipshod and should have been drafted with more thought and precision, but hardly warrant the AR Plaintiffs' complete non-response. All three AR Plaintiffs parrot the same ten objections without any specificity or supporting detail. With the exception of RFP 15, the remaining RFPs are requests for the AR Plaintiffs to produce documents and records of all communications between the parties in this lawsuit as well as with third parties. The RFPs are admittedly drafted broadly (ex. "produce any written correspondence in your possession between any plaintiff and any defendant relating to any fact, claim, or defense"), but the most salient facts for plaintiffs' claims lie in the contents of the parties' communications.

Although the AR Plaintiffs raise ten boilerplate objections to each RFP, the principal objection is that they ask plaintiffs to provide records of communications that are "relevant to any

fact, claim, or defense." Plaintiffs argue this language renders the discovery requests facially improper as seeking work product, opinions, and conclusions of counsel.

Plaintiffs' argument is wide of the mark. The requests are not asking for ordinary or opinion work product. They are not asking for plaintiffs' counsel to arrange each piece of evidence by claim or defense, thus shedding light on his litigation strategy. In this instance, the use of phrases like "relevant to any fact, claim, or defense" are limiting phrases that confine the requests to communications germane to the case (e.g., not personal conversations).

The cases cited by plaintiffs undercut their own objections. The court in *In re MGM Mirage Sec. Litig.* granted defendant's motion to compel, specifically affirming a party's "broad right" to information in the opposing party's control and that Rule 26 places no limit "on a party's right to request information that is relevant to a claim or defense." 2014 WL 6675732, at *3 (D. Nev. Nov. 25, 2014). The court also held that the plaintiffs waived their work-product objections by failing to object with specificity, as is the case here. *Id.* at 4–5. Another case cited by the AR Plaintiffs, *U.S. E.E.O.C. v. Pioneer Hotel, Inc.*, restates the rule that the work-product doctrine applies to information and documents prepared in anticipation of litigation. 2014 WL 4987418, at *3 (D. Nev. Oct. 6, 2014). That is not what is being requested here.

The purpose of the document production process is to make relevant, non-privileged information available to the other party to protect against unfair surprise and to help the parties resolve the case. Instead of delaying discovery by failing to make any good faith effort to respond, the AR Plaintiffs' proper course of action was to produce records of the communications to the best of their abilities and make specific, qualifying objections as needed. The AR Plaintiffs did not make a good faith effort to respond to Nista's RFPs and the Court compels them to do so. Plaintiffs

7

must prepare a privilege log to support proper assertions of the attorney-client privilege and the attorney work-product doctrine.

Nista's motion [DE 165] is granted with respect to the identified interrogatories and RFPs 4–15.

Motions for Protective Orders

The AR Plaintiffs filed two motions for protective orders.

First, plaintiffs move for a protective order to prohibit what their counsel views as improper direct contact by Nista. They claim violations of the North Carolina Rules of Professional Conduct and the judicial process because they believe Nista attempted to prejudice plaintiffs and undermine the relationship with their counsel.

Comment Four to North Carolina Rule of Professional Conduct 4.2 states that the parties are not prohibited from communicating directly with each other. The Court has reviewed the email at issue and disagrees with plaintiffs' characterization of it as untoward. The Court denies plaintiffs' motion. [DE 174].

The AR Plaintiffs have also moved for a protective order and to quash George's Rule 30(b)(1) notices of deposition. [DE 192]. Plaintiffs argue that the deposition requests are disproportional and redundant. Three of the intended deponents—Osman, Robertson, and Zheng—have already been deposed as representatives of the LLCs. The other intended deponents—Blythe, Johnson, and Etheridge—are either members or employees of the LLCs who were listed on plaintiffs' Rule 26 disclosures as individuals known to likely have discoverable information.

In determining whether a discovery request is proportional, courts look to six factors: importance of issues at stake in the litigation, amount in controversy, the parties' access to

information, the parties' resources, the importance of discovery resolving the issues, and whether the burden will outweigh the likely benefit. *Oxbow Carbon & Minerals LLC v. Union Pac. R.R. Co.*, 322 F.R.D. 1, 6 (D.D.C. 2017).

The Court finds that the discovery request is neither redundant nor disproportionate. Plaintiffs stated at the hearing that they are seeking between $3 and $5 million in damages. This case involves issues of fraudulent misrepresentation, and so establishing a factual basis as to what plaintiffs knew and relied on is critical to the outcome of the case. Furthermore, when broken down by the number of plaintiffs, the number of depositions amounts to three per plaintiff—the LLC itself and either two LLC members or a member and an employee. Given the complexity of the claims at issue, this is not disproportionate or redundant.

Plaintiffs' motion [DE 192] is denied.

Motion to Vacate Arbitration Order

The IF Plaintiffs move for the Court to vacate its previous order compelling arbitration of the IF Plaintiffs' claims, stating that the defendants have failed to perform their arbitration obligations by failing to pay the arbitration fees. On November 13, 2019, the AAA terminated the arbitration proceedings for non-payment.

There is no dispute that the full arbitration costs have not been paid, but plaintiffs' brief mischaracterizes the reason for the termination, omitting critical facts.

Plaintiffs on multiple occasions state that the *defendants* have failed to pay the arbitration costs. In reality, only defendant North has not paid the arbitration costs. North has represented to the Court on multiple occasions that he is unable to afford an attorney in this case and that he is unable to pay the arbitration fees. Additionally, plaintiffs' brief fails to mention that the AAA mistakenly allocated the arbitration costs amongst only four parties—the three defendants and one

9

of the IF Plaintiffs—when the costs should have been divided evenly among all seven parties. This resulted in overpayments by George and Nista. Defendants notified the AAA of the improper division of the costs on October 22, 2019, but the AAA merely responded that the matter was suspended until all arbitration costs were paid. The AAA then terminated the matter for nonpayment on November 13, 2019.

Given that North cannot pay his share of the arbitration costs, the Court sees no other option but to vacate its previous order with respect to him. Accordingly, plaintiffs' motion [DE 178] is granted, but only as to North. The IF Plaintiffs remain compelled to arbitrate their claims against George and Nista.

Remaining Motions

Nista appealed a Magistrate Judge's discovery decision. [DE 143]. Nista did not raise the issue of the appeal at the January 24 hearing. The Court has reviewed this submission and believes it to be moot at this point. Accordingly, the appeal [DE 143] is dismissed as moot.

North has moved for pro bono legal representation. "[I]t is well settled that in civil actions the appointment of counsel should be allowed only in exceptional cases . . . ." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). The Court does not believe that this is an exceptional case and therefore denies North's motion. However, the Court will refer his case to the Court's pro bono panel. North is advised that he has the responsibility of contacting any attorney expressing interest in taking his case.

CONCLUSION

For the reasons discussed above, motions DE 143, 146, 150, 151, 153, 155, 160, 162, 164, 170, 173, 174, 188, and 192 are DENIED. Nista's motion to compel [DE 165] is GRANTED as to

the discovery requests identified above. The IF Plaintiffs' motion [DE 178] for the Court to vacate its order compelling arbitration is GRANTED ONLY AS TO DEFENDANT NORTH.

The parties have until April 3, 2020 to complete all discovery. Dispositive motions are due by May 15.

SO ORDERED, this __17__ day of February, 2020.

Terrence W. Boyle
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE